Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5041 | **DATE** | 7/23/2001 |
| **CASE TITLE** | Troy Kilbury vs. Timothy Budz, et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry]  ENTER MEMORANDUM OPINION AND ORDER: Timothy Budz's motion for summary judgment is granted. Defendant Budz is dismissed from this case. Pursuant to 28 USC § 1915(e)(2)(B)(ii), defendant Knott is also dismissed. This case is dismissed in its entirety. All pending motions are denied as moot. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | **JUL 2 4 2001** | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | 10 |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 JUL 24 AM 7:48 | | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

TROY KILBURY,

        Plaintiff,

v.

TIMOTHY BUDZ, ET AL.,

        Defendants.

Case No. 00 C 5044

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

The Plaintiff Troy Kilbury, currently having been adjudicated sexually violent and thus a civilly committed person pursuant to the Sexually Violent Persons Commitment Act, housed at Joliet Annex under the supervision of the Illinois Department of Human Services, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He claims that the defendants, Timothy Budz, the Facility Director, and Sandra Knott, a former security therapy aid, violated his constitutional rights when Knott and Plaintiff had sexual encounters. This matter is before the court for consideration of the defendant Budz's motion for summary judgment.[1]

## BACKGROUND

Plaintiff describes a pattern of conduct between him and defendant Knott which involved numerous sexual encounters. He also states that she told him that she was leaving her husband. She gave him a telephone calling card and he called her on Tuesdays and Thursdays for several weeks. She brought him gifts including cigarettes and sunglasses. He sent her $400 when she requested it.

---

[1] Defendant Sandra Knott("Knott") has not joined in this motion and is *pro se*. Defendant Department of Human Services was dismissed from this case as a nonsuable entity on September 12, 2000.

"We would sneak around and kiss each other." He claims that she told him if he didn't follow her orders(although he fails to allege what these orders were) she would "tell these people and make very sure that I got locked up." (Comp. 7) Plaintiff attached affidavits from other inmates, attesting to the sexual encounters between defendant Knott and Plaintiff. He refers to these sexual encounters as "copulation" or "copulation by force." Plaintiff claims that this action on the part of defendant Knott was sexual harassment and sues pursuant to 42 U.S.C. § 1983. Plaintiff sought and received an extension of time until June 25 to respond to defendant's motion. He has nevertheless not done so. The court sent plaintiff a LR56.2 warning notice regarding responding to a motion for summary judgment. The court now rules without benefit of his views.

## STANDARD OF LAW

Summary judgment will be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *O'Connor v. DePaul Univ.*, 123 F. 3d 665, 669 (7th Cir. 1997). In weighing a motion for summary judgment, the court must take the facts in the light most favorable to the party opposing the motion and draw all reasonable inferences in that party's favor. *Bahl v. Royal Indemnity Co.*, 115 F. 3d 1283,1289 (7th Cir. 1997); *Condo v. Sysco Corp.*, 1 F. 3d 599, 601 (7th Cir. 1993), *cert. denied*, 114 S. Ct. 1051 (1994). The party opposing the motion must present evidence of a triable issue of material fact. *See Vance v. Peters*, 97 F. 3d 987, 990 (7th Cir. 1996), *cert. denied*, 117 S. Ct. 1822 (1997). The non-moving party is required to go beyond the pleadings and designate specific facts showing a genuine issue for trial. *Bank-Leumi Le-Israel, B.M. v. Lee*, 928 F. 2d 232, 236 (7th Cir. 1991). A fact is material when it would determine the outcome under the governing law. *Whetstine v. Gate Rubber Co.*, 895 F.2d 388, 392 (7th Cir. 1990). A material

fact is genuinely in dispute when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## DISCUSSION

### Defendant Budz

Defendant Budz is sued as the Facility Director of the Joliet Annex of the Department of Human Services. Plaintiff claims that Budz is responsible for the actions of defendant Knott. Liability under 42 U.S.C. § 1983 requires personal involvement, not merely supervisory responsibility. *Whitford v. Boglino*, 63 F. 3d 527, 530-31(7th Cir. 1995). Liability attaches when supervisor knows about conduct and approve it, condones it, or turns a blind eye. *Vance v. Peters*, 97 F. 3d 987, 992-93 (7th Cir. 1996). Plaintiff has failed to allege in his complaint any facts which would indicate that defendant Budz was aware of defendant Knott's behavior. On the contrary, when the incident reports regarding Ms. Knott's behavior were given to defendant Budz, he sent the reports to the Illinois State Police for investigation. (Budz affidavit). Before that, he had no knowledge of this behavior prior to receiving the incident reports. (Budz affidavit). Indeed, Plaintiff's grievance regarding this situation was dated July 22, 2000, well after defendant Budz reviewed the incident report from the June incidents. Therefore, it was not Plaintiff, but Budz's own staff who first brought this issue to his attention. As soon as they did, he began an investigation into the matter. (Def. 56.1 facts 9-19). Therefore, because defendant Budz had no personal involvement in defendant Knott's behavior, and because subsequent to his knowledge of the behavior he took swift and appropriate action, therefore he was not deliberately indifferent to Plaintiff's needs. Defendant Budz's motion for summary judgment is granted.

## Defendant Knott

Remaining is defendant Knott. She has not joined in the motion for summary judgment, nor has she filed an answer. Nevertheless the court will *sua sponte* address the issue of her liability, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Defendant Budz's undisputed 56.1 statement of material facts and supporting affidavits, make clear that Officer Knott's behavior toward Plaintiff was bizarre and totally inappropriate. Further, she resigned and resided in a mental hospital after being discovered.

Claims of sexual harassment or abuse by officers may be the basis for a Fourteenth Amendment claim. *See Bohen v. City of East Chicago, Ind.*, 799 F.2d 1180, 1187 (7th Cir.1986) (§1983 sexual harassment claims sufficiently strong to survive challenge on appeal). *See also Johnson v. Phelan*, 69 F.3d 144, 147 (7th Cir.1995) ("... a prisoner has a remedy for deliberate harassment, on account of sex, by guards of either sex"). But sexually explicit language or threats do not rise to a constitutional tort. *DeWalt v. Carter*, 224 F. 3d 607,612 (7th Cir. 2000). If indeed defendant Knott "ordered" Plaintiff to perform sexual acts, plaintiff certainly never complained about it. Instead, he says "we would sneak around kissing each other." He accepts numerous gifts of cigarettes and sunglasses from her. Many times they "had copulation." Most of the allegations in his complaint detail the consensual nature of their relationship.

In order to state a claim under 42 U.S.C. § 1983 Plaintiff must allege some injury caused by defendant. Plaintiff, no longer a prisoner, is not statutorily required to allege physical injury pursuant to 42 U.S.C. § 1997e(e). However, if the acts were consensual, then there is no injury of any kind, and some injury is required in order to state a claim in constitutional tort. Mere general mention of injury in the prayer for relief cannot contradict the allegations made in the body of the

complaint showing the consensual nature of the parties' behavior. For example, Plaintiff failed to complain or even file a grievance about the relationship until after prison staff filed incident reports. (Def. 56.1 facts 11) Further, Plaintiff accepted all gifts from Knott, and called her repeatedly on the telephone; he also sent her $400. He does not allege that these activities were non-consensual. Defendant Budz cites *Freitas v. Ault,* 109 F. 3d, 1335, 1338 (8th Cir. 1997) to support the notion that Plaintiff failed to allege any "pain" or nonconsensual touching. Plaintiff presents no evidence in response to this motion to indicate that his behavior was not voluntary. Plaintiff having failed to submit any evidence in response to the summary judgment motion, the court looks to his complaint as a whole to determine whether or not he alleges a constitutional tort against defendant Knott, and finds that he has failed to state a claim against her. This finding is not a condonation of the behavior described by both parties in the case. Rather, it is a conclusion that while the behavior is reprehensible, nevertheless it is not a constitutional violation.

## CONCLUSION

It is therefore ordered that the motion to for summary judgment is granted. Defendant Budz is dismissed from this case. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), defendant Knott is also dismissed. This case is dismissed in its entirety. All pending motions are denied as moot.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: July 23, 2001

-5-